# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| RYAN KUCIK, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CAUSE NO.: 2:08-CV-161-TS |
| YAMAHA MOTOR CORPORATION, U.S.A., | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Plaintiff Ryan Kucik brought this product liability suit against Defendant Yamaha Motor Corporation, U.S.A., alleging that injuries he suffered during his operation of a 2006 YZ250 FV motorcycle were caused by Yamaha's use of defective intake valves. On June 15, 2009, the Defendant moved to dismiss the Plaintiff's claim due to his spoliation of evidence because the Plaintiff sold, and is unable to locate, the motorcycle that was involved in the accident. The Plaintiff counters that dismissal is not appropriate because it is the Defendant, acting through its authorized dealer, who removed and retained the defective valves.

Before this Court can consider the merits of the spoliation argument, it must address a procedural wrinkle that presented itself when the Plaintiff failed to timely respond to the Defendant's Motion to Dismiss. The Plaintiff's counsel advised during a telephone status conference with the Court on September 3, 2009, that he was unaware of the Motion, having not received it despite the CM-ECF system's electronic confirmation of service. The Plaintiff requests that the Court find that his failure to receive notice was the result of mistake, inadvertence, excusable neglect, or clerical error and to consider the merits of his response to the spoliation claim. To that end, he has filed a Motion for Leave to Respond and Response to

Defendant's Motion to Dismiss [DE 24], and Memorandum in Support of Motion for Leave and Response to Defendant's Motion to Dismiss [DE 25]. The Defendant has filed its Opposition to Plaintiff's Motion for Leave to File Response to Defendant's Motion to Dismiss [DE 26] and Designation of Evidence in Opposition to Plaintiff's Motion for Leave [DE 27], urging the Court to deny the Plaintiff leave to file an untimely response.

**ANALYSIS**

Federal Rule of Civil Procedure 6 specifies how time periods related to the filing of motions and other papers are to be calculated. It is undisputed that the Plaintiff did not file a response to the Defendant's Motion within the time allowed by the Rules of Civil Procedure and this district's local rules.[1] However, Rule 6(b) discusses circumstances under which an enlargement of time may be granted, even when it is received after the time has expired. In such cases, the court for "good cause" may grant an extension if the court is satisfied that "the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

In the Rule 6(b) context, the Supreme Court has stated that "[a]lthough inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 392 (1993) (footnote omitted). Thus, this "elastic concept" may include, under appropriate circumstances,

---

[1] Northern District of Indiana Local Rule 7.1 directs that an adverse party shall have fifteen days after service of a motion in which to serve and file a response. The Rule states that time shall be computed as provided by Federal Rule of Civil Procedure 6.

2

neglect due to simple, faultless omissions to act or carelessness. *Id.* at 388. The determination of whether the Plaintiff's neglect is "excusable" is ultimately "an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395. Those factors include evaluating the danger of prejudice to the non-moving party, the length of delay and its potential impact on the court's proceedings, the reason for the delay, including whether the delay was in the movant's control, and whether the movant acted in good faith. *Id.*

The Defendant maintains that the electronic CM/ECF receipt confirms that the Plaintiff was served with its Motion to Dismiss and that, because the email was not returned as undeliverable, there exists a presumption that the Plaintiff received the electronic notice. The Defendant notes that the Plaintiff had no prior problems receiving filings and notices from the Court.

Although the presumption is that the CM/ECF notification system is functioning appropriately, and that a notice was generated and sent to the email address provided by the Plaintiff's counsel for service, there is no way for the Court to determine what transpired on the receiving end of the electronic notice. What the Court can say is that if counsel truly did not have notice of the Motion, whether through his own carelessness or otherwise, there would have been no reason for him to file a response. The only way the Plaintiff would have known to respond was if he received the electronic notice or looked at the docket for some other reason and noticed the filing. This is not a case where an attorney lacked knowledge or understanding of the Rules of Procedure or ignored a court-ordered deadline. The record does not support inattentiveness as the reason for the delay because there is nothing that indicates he should have checked the docket *sua sponte* absent knowledge that a motion was pending. Even if the failure to respond

3

was the Plaintiff's own fault, there is nothing in the record to suggest that he acted with anything other than good faith. There is no indication that the Plaintiff knowingly, wilfully, or purposefully disregarded the response deadline, or that he simply let things go in the case. The Court notes that during the September 3 conference, the Plaintiff's counsel sounded genuinely surprised to learn that a motion to dismiss for spoliation of evidence had been filed and was pending. The fact that the Plaintiff believes he has a meritorious defense to the Motion to Dismiss, yet did not acknowledge the Motion until the hearing (which was scheduled pursuant to a bright-line notice), implies that he did not know about it before the hearing. Otherwise, rather than jeopardize the entire case, he would have filed a response or a motion for additional time to respond. Moreover, the Plaintiff has not missed or ignored any other deadlines in this case.[2]

The Defendant maintains that the two-month delay in responding to its Motion has prejudiced it and "impacted the proceedings." (Def.'s Opposition 6.) The Defendant states that "[a]s a result of Plaintiff's failure to respond to [its] motion, the discovery deadline passed." The Plaintiff does not elaborate on this point, and the Court's calculation supports a different conclusion. Counting fifteen days from June 15, 2009, would result in a June 30 deadline for filing a response to the Defendant's Motion to Dismiss. *See* N.D. Ind. L. R. 7.1 However, Rule 6(d) provides for the addition of three days to the computation of any prescribed period triggered by service that is made by any of the means approved by Rule 5(b), including service by electronic means. Thus, the Plaintiff's response was due on July 3. The discovery deadline passed two days earlier. Accordingly, even a timely response could have been filed after the

---

[2] The Defendant claims that the Plaintiff "did not timely serve Rule 26 expert reports by April 3, 2009 or seek leave for additional time." (Def.'s Opposition 2, DE 26.) It is unclear whether the Defendant is saying that the Plaintiff's disclosure was late, or that he has not made any disclosure. In any event, the circumstances surrounding any late filing of an expert report have not been presented to this Court and do not aid in the good faith analysis.

4

close of discovery. There is no indication that there has been a change in circumstances since the Defendant filed its Motion, such that the Plaintiff's response is different now than it would have been if filed within fifteen days. Moreover, the Court prefers to resolve cases on their merits and to rule on motions with the benefit of all relevant evidence and argument, as an approach that best serves the interests of justice. *See Long v. Steepro*, 213 F.3d 983, 986 (7th Cir. 2000) ("We often have noted that the interests of justice are best served by resolving cases on their merits."). Summarily granting the Defendant's Motion to Dismiss Based Upon Spoliation of Evidence on grounds that do not take into account the Plaintiff's response would not be a dismissal on the merits. It is a more satisfactory result for all the parties involved if the Court considers the Motion to Dismiss after the benefit of full briefing. Moreover, given the stage of the proceedings, the potential impact of the delay on the Court is minimal. Discovery closed shortly after the Defendant filed its Motion to Dismiss and the Court had not yet set dispositive motion deadlines or a trial date.

The Court, in its discretion, grants the Plaintiff's request for an enlargement of time to respond to the Motion to Dismiss. The response, which is contained in the Motion for Leave to Respond, is deemed filed as of the date of this Opinion and Order. The Defendant's reply is due on or before October 30.

**CONCLUSION**

For the foregoing reasons, the Plaintiff's Motion for Leave to Respond [DE 24] is GRANTED and the Response [DE 24] is deemed filed as of the date of this Opinion and Order. The Defendant's Reply, if any, is due on or before October 30, 2009. The Court will rule on the

5

Motion to Dismiss [DE 19] in a separate Opinion and Order.

SO ORDERED on October 16, 2009.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION