UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| RYAN KUCIK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:08-CV-161-TS |
| | ) | |
| YAMAHA MOTOR CORPORATION, U.S.A., | ) ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Plaintiff Ryan Kucik brought this product liability suit against Defendant Yamaha Motor Corporation, U.S.A., alleging that injuries he suffered during his operation of a 2006 YZ250 FV motorcycle were caused by Yamaha's use of defective intake valves. On June 15, 2009, the Defendant moved to dismiss the Plaintiff's claim due to his spoliation of evidence because the Plaintiff sold, and is unable to locate, the motorcycle that was involved in the accident. The Plaintiff counters that dismissal is not appropriate because it is the Defendant, acting through its authorized dealer, who removed and retained the defective valves.

**BACKGROUND**

The Plaintiff owned a 2006 Yamaha YZ250F motorcycle that he purchased from Loomis Cycle and Marine on March 1, 2006. On May 6, 2006, the Plaintiff was injured when the motorcycle lost power during an attempted jump. On June 12, 2006, the Plaintiff received a letter from the Defendant advising that some intake valves manufactured for the YZ250 experienced fatigue in the neck area when operated at maximum rpm, causing loss of power and possible engine failure. The Defendant offered to replace all three intake valves free of charge if the

Plaintiff made an appointment with his dealer to replace the valves. On August 8, Maxim Power Sports replaced the valves on the Plaintiff's motorcycle free of charge, with Maxim Power Sports retaining the original valves. The Plaintiff sold the motorcycle soon after the repairs were made.

On May 2, 2008, the Plaintiff sued the Defendant in Lake Superior Court alleging that the motorcycle was defective and unreasonably dangerous because it was designed, manufactured, and sold with defective intake valves. The Plaintiff asserted claims for common law carelessness and negligence, breach of an implied warranty of merchantability, and reckless indifference. On May 27, the Defendant removed the case to federal district court, invoking the court's jurisdiction under 28 U.S.C. §§ 1441 and 1332. The Defendant filed its Answer on June 3, 2008.

On June 15, 2009, the Defendant filed a Motion to Dismiss Plaintiff's Claim Due to Plaintiff's Spoliation of Evidence [DE 19], and Brief in Support [DE 20]. The Defendant asserts that because the Plaintiff sold the motorcycle before he filed suit, and because the current owner and location are unknown, the Defendant has been deprived of the opportunity to inspect the motorcycle and its components. (Def.'s Brief 3.) The Defendant maintains that the Plaintiff had an affirmative duty to preserve the motorcycle as evidence relevant to his lawsuit and that dismissal of this case is the appropriate sanction for the spoliation.

At a telephonic status conference held on September 3, 2009, counsel for the Plaintiff expressed that he did not know about the pending Motion to Dismiss, having not received notice of it through the CM/ECF system. On October 16, the Court resolved the issues related to the Plaintiff's failure to respond, and deemed the Plaintiff's response filed as of that date. In

response to the Defendant's Motion, the Plaintiff submitted that the Defendant had exclusive possession and control of the valves at issue, and that the Plaintiff only sold the motorcycle after the defective valves had been replaced, and because he could no longer ride the bike or afford to own it.

On October 30, the Defendant filed a Reply, asserting that the Defendant never had possession of the motorcycle or any of its component parts, that the Defendant was a distinct legal entity from the dealerships that sold and serviced the motorcycle, that the Defendant did not design or manufacture the motorcycle, and that the Plaintiff failed to disclose any expert witnesses.

## DISCUSSION

The Defendant, in its Motion to Dismiss, requests that the Court exercise its discretion to impose discovery sanctions on the Plaintiff for spoliation of evidence.[1] In making a determination regarding spoliation sanctions, a court looks to whether the destruction of evidence was done in bad faith. *Trask-Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 681 (7th Cir. 2008). "Such a showing is a prerequisite to imposing sanctions for the destruction of evidence." *Id.* (citing *Crabtree v. Nat'l Steel Corp.*, 261 F.3d 715, 721 (7th Cir. 2001), and *Mathis v. John Morden Buick, Inc.*, 136 F.3d 1153, 1155 (7th Cir. 1998)). It is not enough to

---

[1] Although the Defendant cites Federal Rule of Civil Procedure 37(b) and *Trask-Morton v. Motel 6 Operating L.P.*, 534 F.3d 672 (7th Cir. 2008), it also cites cases from Indiana state courts, Nevada state courts, federal district courts outside of Indiana and the Seventh Circuit, and to a Seventh Circuit case applying Illinois spoliation law. Neither the Defendant nor the Plaintiff suggest that state law should govern the Defendant's Motion to Dismiss—but neither have expressly addressed the issue. In *Trask-Morton*, the Seventh Circuit, in a diversity case, analyzed the plaintiff's request for sanctions for the destruction of evidence under federal law, and this Court will do the same, recognizing that the analysis would be different if a tort claim for spoliation was at issue. *Cf. J.S. Sweet Co. v. Sika Chem. Corp.*, 400 F.3d 1028, 1031 (7th Cir. 2005) (applying Indiana law to analyze tort of spoliation of evidence).

show that evidence was destroyed intentionally; "'bad faith' means destruction for the purpose of hiding adverse information." *Mathis*, 136 F.3d at 1155. Moreover, "courts have found a spoliation sanction to be proper only where a party has a duty to preserve evidence because it knew, or should have known, that litigation was imminent." *Trask-Morton*, 543 F.3d at 681 (citing *Burlington N. & Santa Fe Ry. Co. v. Grant*, 505 F.3d 1013, 1032 (10th Cir. 2007) and *Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 591 (4th Cir. 2001)).

The Court finds no spoliation here because the Plaintiff did not act in bad faith in selling the motorcycle, and did not have reason to know that litigation was imminent. The credible evidence before the Court is that the Plaintiff sold the motorcycle because his injuries prevented him from riding it, and he could not afford to make the payments on it. These reasons do not suggest that he intended to hide the bike because it would reveal information adverse to any claim that the bike was defective. The Plaintiff filed the suit in May 2008, just before the expiration of the statute of limitations. He sold the bike nearly two years earlier in 2006. There is nothing in the record to indicate that he anticipated filing a lawsuit related to the bike when he sold it. To the contrary, the Plaintiff avers in his affidavit that he decided to file a lawsuit after "he failed to recover as expected and underwent additional surgeries to [his] wrist as well as suffered permanent impairment." (Pl.'s Aff. ¶ 8, DE 24-2.) Under these circumstances, the Court does not find the Plaintiff's act of selling his motorcycle to be sanctionable.

Even when a litigant's conduct is sanctionable, the court may only impose sanctions that are proportionate to the circumstances. *Collins v. Illinois*, 554 F.3d 693, 696 (7th Cir. 2009). Sanctions for spoliation of evidence include awarding reasonable expenses, attorney fees, barring evidence or arguments, permitting adverse inferences, and dismissing claims. *See* Fed. R.

Civ. P. 37(b)(2)(A)–(D)). Thus, although spoliation permits the ultimate sanction of dismissal, it does not require it. Dismissal as a discovery sanction under Rule 37 requires a finding of "willfulness, bad faith or fault," and an explanation why lesser sanctions would be inappropriate. *Maynard v. Nygren*, 332 F.3d 462, 467–68 (7th Cir. 2003). The Defendant argues that it is unable to "fully investigate the role of the vehicle in the accident and is prevented from investigating other possible causes of Plaintiff's injuries besides Plaintiff's alleged defect," and that dismissal is "the only appropriate sanction because of the great prejudice" to it. (Def.'s Brief 3.) However, it is the Plaintiff who bears the burden of proof on his claims and will have the greater risk of suffering any prejudice that results from being unable to locate the motorcycle.

The Court notes that the Plaintiff has suggested that it is the Defendant who has destroyed relevant evidence, specifically the intake valves.[2] In response, the Defendant presented argument that it is not the proper party to this suit, and that it is a distinct entity from the dealers that sold and serviced the motorcycle. These are matters to be settled in dispositive or pretrial motions, or at trial. The issue presented in the pending Motion and addressed in this Opinion and Order is limited to the Plaintiff's purported spoliation and the imposition of discovery sanctions. Likewise, the consequence of any failure to obtain and file expert reports, also addressed by the Defendant in its Reply, is not a matter before the Court on the Defendant's Motion to Dismiss Due to Plaintiff's Spoliation of Evidence.

**CONCLUSION**

For the foregoing reasons, the Defendant's Motion to Dismiss Plaintiff's Claim Due to

---

[2] The Plaintiff has not filed any motion to this effect, and it appears that the same requirements of bad faith and a duty to preserve would foreclose any such claim for spoliation against the Defendant.

Plaintiff's Spoliation of Evidence [DE 20] is DENIED. A telephonic status conference is set for Thursday, January 14, 2010, at 10:00 AM (EST). The Court will initiate the call.

SO ORDERED on December 23, 2009.

                                           s/ Theresa L. Springmann
                                           THERESA L. SPRINGMANN
                                           UNITED STATES DISTRICT COURT
                                           FORT WAYNE DIVISION